UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TRANSDEV SERVICES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-888 |
| ) | |
| **AMALGAMATED TRANSIT UNION,** ) | |
| **LOCAL 689, AFL-CIO,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO VACATE ARBITRATION AWARD**

COMES NOW Plaintiff, Transdev Services, Inc. ("Plaintiff"), and for its Complaint to Vacate Arbitration Award, herein against Defendant Amalgamated Transit Union, Local 689, AFL-CIO ("Defendant") alleges and states as follows:

**PETITION TO VACATE ARBITRATION AWARD**

1. This is an action to vacate an arbitration Opinion and Award (FMCS Case No. 240208-03386) issued by Arbitrator Stephen E. Alpern on April 23, 2025 pursuant to a Collective Bargaining Agreement in effect between Plaintiff and Defendant.

**PARTIES**

2. Plaintiff is, and at all relevant times was, a Maryland corporation with its principal place of business in Lombard, Illinois. Plaintiff, at all times material hereto, was engaged in interstate commerce and is, therefore, an employer within the meaning of the National Labor Relations Act ("NLRA"), as amended by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 151 *et seq.*, and maintains a facility located in Fairfax County, Virginia. The operations in question are in an "industry affecting commerce" within the meaning of sections 2(6) and 2(7)

of the NLRA and sections 301 and 501 of the LMRA, 29 U.S.C. §§ 142(1), 142(3), 152(6), 152(7) and 185.

3. Defendant is, and at all relevant times was, a labor organization within the meaning of the LMRA, 29 U.S.C. § 141 *et seq.*, and is engaged in the representation of its members employed by Plaintiff, in matters of collective bargaining relating to wages, hours and conditions of employment. The Defendant's duly authorized officers and/or agents are engaged in representing or acting for employee members within the Eastern District of Virginia.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Section 301 of the LMRA, 29 U.S.C. §§ 185(a), the United States Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* and 28 U.S.C. §§ 1331, 1337, 1651, this being a suit to vacate and set aside the Award of an Arbitrator purporting to resolve a grievance dispute under a Collective Bargaining Agreement between Plaintiff and Defendant labor organization.

5. Jurisdiction and venue are proper in this Court in accordance with section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND

6. Plaintiff is a private sector operator of transportation services which provides bus, rail, paratransit, and shuttle service for mass transit systems and manages transportation contracts for cities, counties, transit authorities and airports in North America.

7. Beginning in 2019, Plaintiff entered into a contract with the Fairfax County, Virginia Department of Transportation ("Fairfax County") to operate the Fairfax Connector Services.

8. Plaintiff's operators are responsible for safely transporting passengers in commercial buses owned by Fairfax County.

9. Defendant is the exclusive collective bargaining representative for full-time and part-time operators and maintenance clerks at all Fairfax Connector Divisions, and all full-time and part-time maintenance employees at two of the Fairfax Connector Divisions.

10. Plaintiff and Defendant are parties to a Collective Bargaining Agreement ("CBA"), effective from December 1, 2023 through November 30, 2026. The CBA is a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined under Section 301(a) of the LMRA, 29 U.S.C. § 185(a). A true and correct copy of the CBA is attached hereto as **Exhibit 1** and incorporated by reference as if fully set forth herein.

11. The parties agreed in the CBA that Plaintiff has the right to "manage the operation and direct the working forces, including the right to hire and to suspend, discipline, or discharge employees for cause." (Ex. 1, CBA, art. 3, § 3.1(a)).

12. The CBA provides a grievance and arbitration procedure which provides that in the event an employee is aggrieved by the action of Plaintiff's management official or a supervisor, a written grievance may be filed without ten days of the event. (Ex. 1, CBA, art. 7, § 7.3).

13. The CBA also provides that in the event a grievance is not resolved through the grievance process, the grievance may be arbitrated by an impartial arbitrator. (Ex. 1, CBA, art. 7, § 7.4).

14. The arbitration provisions of the CBA provide that the jurisdiction and authority of the arbitrator "shall be for the determination of such grievance, expressly limited to the interpretation, application and compliance" with the provisions of the CBA, and that the arbitrator

"shall have no authority to add to, detract from, alter, or otherwise amend in any way any provision" of the CBA. (Ex. 1, CBA, art. 7, §§ 7.4, 7.5).

15. The CBA also contains a provision for an Accident Review Board which provides that employees may be disciplined for accidents. (Ex. 1, CBA, art. 13, § 13.4). When disciplined, an employee may submit an accident preventability determination to the Accident Review Board. (Ex. 1, CBA, art. 13, § 13.4).

16. Plaintiff requires its employees to comply with its workplace rules, including its "Standards of Conduct" policies. The Standards of Conduct policy provides that major offenses such as deliberate violations of company policy are grounds for termination.

17. Plaintiff also provides safety training to its operators.

18. Plaintiff employed Grievant Mark Wilson ("Grievant") as a bus operator beginning in 2019 when its contract to operate the Fairfax Connector began.

19. Although Grievant worked for Plaintiff's predecessor at the Fairfax Connector immediately prior to beginning employment with Plaintiff, Plaintiff did not have access to the personnel records of the prior employer and had no ability to consider any employee records or performance prior to 2019.

20. Grievant was represented for collective bargaining purposes by Defendant and was subject to the terms and conditions of the CBA.

21. Grievant received full training on Plaintiff's Standards of Conduct, safe driving practices and requirements.

22. On November 21, 2023, Grievant, while operating a bus on Route 402 southbound, struck a pedestrian at an intersection. Grievant observed the pedestrian pinned under his bus immediately after she was struck.

23. Plaintiff investigated the incident and determined it was preventable. It also determined that Grievant had disregarded established safety requirements which resulted in the pedestrian being struck and injured, and that there were no extenuating or mitigating circumstances.

24. Grievant did not appeal Plaintiff's preventability of the accident to the Accident Review Board.

25. Plaintiff terminated Grievant on or about December 8, 2023.

26. Grievant subsequently grieved his termination and Plaintiff denied the grievance.

27. Pursuant to the CBA's grievance and arbitration procedure, the parties agreed to arbitrate the issue of Grievant's termination before Arbitrator Stephen E. Alpern.

28. Arbitrator Alpern presided over an arbitration hearing on the grievance on December 20, 2024, at which time the facts, matters and agreements noted within paragraphs 1 through 27 of this Complaint were introduced into evidence.

29. On April 23, 2025, Arbitrator Alpern issued his Opinion and Award. A true and correct copy of the Opinion and Award is attached hereto as **Exhibit 2.** In his Opinion and Award, Arbitrator Alpern sustained the grievance in part. He reduced Grievant's discharge to a sixty-day suspension and ordered Grievant to be returned to his former position with lost benefits, seniority, and back pay, less interim earnings, for the period beyond the sixty-day suspension until his reinstatement.

## CLAIM TO VACATE ARBITRATION OPINION AND AWARD

30. Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31. In rendering his decision, Arbitrator Alpern exceeded the authority granted to him under the terms of the parties' CBA in that the Opinion and Award: (a) does not draw its essence

from the CBA; (b) is contrary to and disregards the express language and the plain, unambiguous meaning of the CBA; (c) adds to, subtracts from, supplements and/or modifies the express terms of the CBA; (d) is arbitrary and capricious insofar as the Arbitrator exceeded his power to interpret and apply the CBA by imposing on the parties his own brand of industrial justice; (e) is outside the scope of the Arbitrator's authority; and (f) fails to conform, or confine itself, to matters within the scope of the arbitrator's jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Transdev Services, Inc. prays that the Court enter judgment as follows:

a. That the Court order the Arbitrator's Opinion and Award be vacated;

b. That Plaintiff Transdev Services, Inc. be awarded its attorney fees, and costs; and

c. Any other relief that the Court deems just and proper.


Date: May 23, 2025

Respectfully submitted,

LORENGER & CARNELL, PLC

/s/ Michael J. Lorenger
Michael J. Lorenger (VSB 38910)
Susanne Harris Carnell (VSB
Christine M. Burke (VSB
Lorenger & Carnell PLC
651 S. Washington St.
Alexandria, Virginia 22314
Phone: 703-684-1800
Fax: 703-684-1805
mlorenger@lorengercarnell.com
scarnell@lorengercarnell.com
cburke@lorengercarnell.com

Of Counsel:

McMAHON BERGER, P.C.
James N. Foster, Jr.
Michelle M. Cain
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131-3039
Phone: 314-567-7350
Fax: 314-567-5868
foster@mcmahonberger.com
cain@mcmahonberger.com

*Attorneys for Plaintiff Transdev Services, Inc.*